IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

BK 10-70786

CHARLES ROBERT LAND and
MARGARET SIKES LAND

      Debtor

AP 11-70023

ROBERT A. MORGAN, TRUSTEE

      Plaintiff

VS

MELISSA LAND TAYLOR
MANAGEMENT TRUST,
MELISSA L. TAYLOR,
MARY KATHERINE LAIRD and
CAROLINE LAND LAIRD, by and
Through her guardian, Melissa L. Taylor

      Defendants.

## MEMORANDUM OPINION

This adversary proceeding came before this court on January 12, 2012 for hearing on Defendant's Motion to Dismiss Adversary Proceeding, Plaintiff's Objection to Defendant's Motion to Dismiss, and Plaintiff's Motion for Summary Judgment. David B. Anderson and Deanna Weidner appeared on behalf of Plaintiff; J. Paul Whitehurst appeared on behalf of Defendants. After reviewing the arguments of the parties this court **DENIES** the Defendants' Motion to Dismiss

1

Adversary Proceeding.[1]

## JURISDICTION

The district court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984 pursuant to 28 U.S.C. § 157(a).

## FINDINGS OF FACT

Prior to the year 2000, Charles Robert Land ("Debtor") and four other heirs inherited 10,000 acres of land after the death of Debtor's father. The 10,000 acres was to be divided equally among the five heirs, meaning each heir, including the Debtor, would receive approximately 2,000 acres. The heirs agreed on an approximate division of the property and the heirs executed deeds to accomplish such division. In August of 2001, Debtor allegedly granted a mortgage on his 2,000 acres to First United Security Bank. In December of 2009, First United Security Bank assigned its mortgage(s) to Sapsucker, LLC.

In 2002 or 2003, the heirs agreed to refine the division of the 10,000 acres and hired a consultant who devised a plan to divide the property so that each heir would receive equal acreage and/or equal value. Pursuant to this agreement, Debtor was required to transfer title in approximately 1,000 acres in Alabama and Mississippi known as the Cooper/Hinton tract to the Melissa Land Taylor Management Trust ("Trust"). On April 15, 2003, Debtor executed and

---

[1] Plaintiff's Motion for Summary Judgment will remain under submission until the court has heard arguments on whether abstention is appropriate in this case. An Order to Show Cause Why This Court Should Not Abstain From The Exercise Of Jurisdiction Over This Adversary Proceeding will be entered contemporaneously with this Memorandum Opinion.

2

delivered a deed for the Alabama portion of the Cooper/Hinton tract to the Trust. The deed did not include the Mississippi portion of the Cooper/Hinton tract. The deed executed and delivered by Debtor was not recorded. Defendants claim an ownership interest in the entire Cooper/Hinton tract. In May of 2008, Debtor granted a mortgage to New Pate, LLC. This mortgage allegedly included property conveyed to the Trust in 2003 by the unrecorded deed executed and delivered by Debtor.

On April 9, 2010, Charles Robert Land and Margaret Sikes Land ("Debtors") filed a joint voluntary Chapter 7 bankruptcy petition. (Bk. Doc. 1). Robert L. Shields, III was appointed interim trustee ("Interim Trustee") on April 12, 2010. (Bk. Doc. 8). The Interim Trustee rejected the appointment on April 20, 2010 due to a conflict of interest. (Bk. Doc. 16). Robert A. Morgan ("Trustee") was then appointed interim trustee on April 20, 2010. (Bk. Doc. 17).

Several adversary proceedings were filed by and against various mortgage holders and others claiming interest in real estate purportedly owned by Debtor. These adversary proceedings included 10-70016, 10-70019, and 10-70034. None of the heirs were a party to any of these adversary proceedings. On April 1, 2011, a Joint Motion to Approve Compromise and to Authorize Sale and Transfer of Assets ("Settlement") was filed. (Bk. Doc. 93). This Settlement was a universal settlement, meant to take care of all of the claims asserted in the various pending adversary proceedings. Paragraph 5 of the Settlement Agreement provided: "Upon the entry of a final nonappealable order in the Declaratory Judgment Action or upon request, the Trustee shall deliver to New Pate the deeds attached hereto as Exhibits F-1 and F-2." (Bk. Doc. 93). On May 3, 2011, an Amendment to Joint Motion to Approve Compromise and to Authorize Sale and Transfer of Assets was filed. (Bk. Doc. 104). The Amendment sought to substitute the Exhibit A, E-1, E-2, F-1, and F-2 attached to the Amendment for the Exhibit A, E-1, E-2, F-1, and F-2 attached to the

3

Settlement. The Settlement, as amended, was approved on May 19, 2011 over the objection of the Defendants, but the order approving the Settlement specifically provided that the terms of the Settlement would have no effect on any interest the Defendants might hold. (Bk. Doc. 111). In addition, by agreement, paragraph 5 of the Settlement was deleted. (Bk. Doc. 111). However, it appears that the quoted language of paragraph 5 is still in effect. At the hearing, counsel for Trustee represented that if Trustee was successful in this adversary proceeding, Trustee would execute and deliver deeds to the Disputed Property[2] to New Pate, LLC without receiving any additional consideration. Counsel further represented that if Trustee was not successful in this adversary proceeding, Trustee would not have to return the $150,000.00 already received. Based upon these representations, it is clear that Trustee has agreed to transfer any interest he might have in the Disputed Property to New Pate, LLC and that the estate will not be impacted by the resolution of this adversary proceeding.

On May 5, 2011, Defendants filed a complaint in the Circuit Court of Choctaw County, Alabama against Sapsucker, LLC and New Pate, LLC seeking a determination that Defendants had superior rights to the Disputed Property.

On July 13, 2011, Trustee filed the instant adversary proceeding seeking a declaratory judgment that the estate is the owner of the Disputed Property because the Trustee was a bona fide purchaser for value as of the petition date pursuant to § 544(a). As such, the Trustee is also seeking permission to sell the Disputed Property free and clear of all claims or liens asserted by the Defendants pursuant to the approved Settlement.

---

[2]The legal descriptions of the Disputed Property are laid out in Exhibit A to the Complaint. The Disputed Property includes the Cooper/Hinton tract of land discussed above.

4

On November 14, 2011, Trustee filed a Motion for Summary Judgment, asserting that Trustee is a bona fide purchaser for value as a matter of law.

On November 17, 2011, Defendants filed this Motion to Dismiss Adversary Proceeding, asserting that this court lacks jurisdiction over this adversary proceeding.

## CONCLUSIONS OF LAW

Defendants argue that this adversary proceeding must be dismissed because this court lacks jurisdiction to hear the 11 U.S.C. § 544(a)(3) cause of action brought in the Complaint under Article III of the Constitution of the United States. Defendants' argument stems from the recent Supreme Court of the United States decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), wherein the Supreme Court of the United States held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Stern, 131 S. Ct. at 2620.[3] This court will determine whether this holding limits the subject matter jurisdiction of bankruptcy courts.

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). Pursuant to 28 U.S.C. § 1334(a), district courts have original and exclusive jurisdiction over bankruptcy cases. Pursuant to 28 U.S.C. § 1334(b), district courts have original but not exclusive jurisdiction over civil proceedings arising under the Bankruptcy Code or arising in or related to bankruptcy cases. A civil

---

[3] In the Stern case, the debtor filed a petition for bankruptcy in the Central District of California. A creditor filed a complaint in that bankruptcy proceeding, asserting that debtor defamed him and that the damages incurred as a result of said defamation were nondischargeable. Debtor asserted truth as a defense to the defamation cause of action and further filed a counterclaim for tortious interference with a gift. Stern, 131 S. Ct. at 2601. The Supreme Court of the United States held that the bankruptcy court lacked the constitutional authority to enter a final order on the counterclaim for tortious interference with a gift. Id.

5

proceeding that "arises under title 11" is one that is created by or determined by a statutory provision of title 11. St. Vincent's Hosp. v. Norrell (In re Norrell), 198 B.R. 987, 992 (Bankr.N.D.Ala. 1996). Trustee filed this adversary proceeding seeking a declaratory judgment that the estate is the owner of the Disputed Property because the Trustee was a bona fide purchaser for value as of the petition date pursuant to 11 U.S.C. § 544(a). 11 U.S.C. § 544 is a statutory provision of title 11. Therefore, this adversary proceeding, brought pursuant to 11 U.S.C. § 544 "arises under title 11." As such, the United States District for the Northern District of Alabama has jurisdiction over this adversary proceeding. Defendants do not argue otherwise.

If the United States District Court for the Northern District of Alabama has jurisdiction over this adversary proceeding, so too does this court. Badami v. Sears (In re AFY, Inc.), 461 B.R. 541, 546 (8th Cir. BAP 2012) ("While the bankruptcy courts typically functions as a separate court, for jurisdictional purposes, it is not a court apart from the district court."). 28 U.S.C. § 151 provides, in pertinent part:

> Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 151. 28 U.S.C. § 157(a) provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for this district.

28 U.S.C. § 157(a). Pursuant to § 157(a), jurisdiction is referred to this court by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984. "Thus, whatever jurisdiction Congress vested in the district

6

court, has now been referred to the bankruptcy court." In re AFY, Inc., 461 B.R. at 547. As discussed above, the district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b); therefore, this court also jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151 & 157.

The decision in Stern did not deal with the jurisdictional scheme set forth in 28 U.S.C. § 1334 or the appropriateness of the referral of jurisdiction to bankruptcy courts pursuant to 28 U.S.C. § 157(a). Instead, the decision dealt with the "manner in which a bankruptcy judge may act on a referred matter." Stern, 131 S. Ct. at 2603. Pursuant to 28 U.S.C. § 157(b)(1):

> Bankruptcy judges may hear *and determine* all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(1) (emphasis added). In other words, § 157(b)(1) gives bankruptcy courts the authority to enter final judgments in all core proceedings arising under title 11, which are nonexhaustively listed in 28 U.S.C. § 157(b)(2). If a proceeding is not a core proceeding, the bankruptcy judge may still hear the proceeding, but may not *determine* it; the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court if the proceeding is not a core proceeding. 28 U.S.C. § 157(c)(1). The decision in Stern limits the application of 28 U.S.C. § 157(b)(1) by holding that there are instances where a bankruptcy court may not *determine* a core proceeding arising under title 11 because Article III of the Constitution of the United States places limits upon the authority of bankruptcy judges. Specifically, the Supreme Court of the United States held that the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Stern,

7

131 S. Ct. at 2620. This was true despite the fact that the state law counterclaim constituted a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(C). Id. at 2603. After Stern, a bankruptcy court cannot solely rely on 28 U.S.C.§ 157(b) when considering whether it has the authority to enter a final order in a core proceeding; now, the bankruptcy court must also consider whether Article III of the Constitution of the United States places limits upon its authority. Essentially, Stern dealt with whether a bankruptcy court may determine, i.e. enter a final order, rather than whether a bankruptcy court may hear, i.e. has subject matter jurisdiction over, a proceeding. Searcy v. Knight (In re Am. Int'l Refinery), No. 06-2018, 2012 WL 293005, at *3 (Bankr. W.D. La. Jan. 31, 2012) ("The flaw in the moving defendants' jurisdictional argument is that it confounds subject matter jurisdiction under section 1334 with the procedural scheme under section 157 for handling core and non-core 'related to' proceedings."). Therefore, there are no jurisdictional consequences as a result of the decision in Stern. Stern, 131 S. Ct. at 2607 ("Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction.")(citations omitted). See also Customized Distribution, LLC v. Coastal Bank and Trust (In re Lee's Famous Recipes, Inc.), No. 11-5482, 2011 WL 7068916, *2 (Bankr. N.D. Ga. Dec. 12, 2011)(stating that "the decision in *Stern* holds only that the bankruptcy court did not have *authority* to enter a *final* judgment on the counterclaim of the bankruptcy estate in ruling on the creditor's proof of claim-the Court did ***not*** hold that the bankruptcy court lacked *subject matter jurisdiction* to hear the counterclaim and enter a decision subject to *de novo* review")(emphasis in original); Liberty Mut. Ins. Co. v. Citron (In re Citron), No. 09-8125-jbr, 2011 WL 4711942, *2 (Bankr. E.D.N.Y. Oct. 6, 2011)(stating "*Stern* does not deprive a bankruptcy court of subject matter jurisdiction"); Reed v. Linehan (In re Soporex, Inc.) 463 B.R. 344, 363 n.4 (Bankr.

8

N.D. Tex. 2011) ("Of significance, *Stern* clarified bankruptcy courts' constitutional power, not their subject matter jurisdiction. Subject matter jurisdiction over bankruptcy cases and proceedings remains in the district court pursuant to 28 U.S.C. § 1334.").

Because this court has subject matter jurisdiction over this adversary proceeding and because the decision in Stern did not affect the subject matter jurisdiction of bankruptcy courts, this court will deny the Defendants' Motion to Dismiss Adversary Proceeding.[4] In re American Int'l Refinery, 2012 WL 293005, at *2-*3 (Bankr. W.D. La. Jan. 31, 2012) (agreeing with the reasoning of the "majority of cases" addressing the issue that *"Stern* does not address subject matter jurisdiction under section 1334 and, accordingly, is not grounds for a motion to dismiss for lack of subject matter jurisdiction" and denying the defendants' Motion to Dismiss); Samson v. W. Capital Partners, LLC (In re Blixseth), No. 10-00094, 2011 WL 6217416, * (Bankr. D. Mont. Dec. 14, 2011)(determining that Stern does not affect the jurisdictional grant of the bankruptcy court and further finding that if the district court has subject matter jurisdiction, so too does the bankruptcy court; therefore the court denied the defendant's Motion to Dismiss); Levey v. Hanson's Window & Constr, Inc. (In re Republic Windows & Doors, LLC, 460 B.R. 511, 515 (Bankr. N.D. Ill. 2011)(stating that the Stern decision does not implicate subject matter jurisdiction and that Stern addresses the authority of bankruptcy courts to enter final judgments assuming that subject matter jurisdiction exists and denying Motion to Dismiss because there was related-to jurisdiction).

## CONCLUSION

This court has subject matter jurisdiction over this adversary proceeding pursuant to 28

---

[4]Because the denial of a Motion to Dismiss is not a final order, the issue of whether this court has authority to enter a final order in this adversary proceeding will be addressed at a later date.

9

U.S.C. §§ 1334(b), 151, & 157.  Therefore, the Defendants' Motion to Dismiss Adversary Proceeding is denied.

**DONE and ORDERED** this June 6, 2012.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge