IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:                                                       BK 10-70786

CHARLES ROBERT LAND and
MARGARET SIKES LAND,

      Debtors.                                      AP 11-70023

ROBERT A. MORGAN, TRUSTEE,

      Plaintiff.

vs.

MELISSA LAND TAYLOR
MANAGEMENT TRUST,
MELISSA L. TAYLOR,
MARY KATHERINE LAIRD and
CAROLINE LAND LAIRD, by and
Through her guardian, Melissa L. Taylor,

      Defendants.

## MEMORANDUM OPINION

This adversary proceeding came before this court on July 25, 2012 for hearing on the Order to Show Cause entered by this court on June 11, 2012. This court ordered that cause be shown as to why this court should not abstain from hearing this adversary proceeding. David B. Anderson and Deanna Weidner appeared on behalf of Trustee; J. Paul Whitehurst appeared on behalf of Defendants. After reviewing the arguments of the parties, this court **WILL NOT ABSTAIN**.

1

## JURISDICTION

The district court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984 pursuant to 28 U.S.C. § 157(a).

## FINDINGS OF FACT

Prior to the year 2000, Charles Robert Land ("Debtor") and four other heirs inherited 10,000 acres of land after the death of Debtor's father. The 10,000 acres was to be divided equally among the five heirs, meaning each heir, including the Debtor, would receive approximately 2,000 acres. The heirs agreed on an approximate division of the property and the heirs executed deeds to accomplish such division. In August of 2001, Debtor allegedly granted a mortgage on his 2,000 acres to First United Security Bank. In December of 2009, First United Security Bank assigned its mortgage(s) to Sapsucker, LLC.

In 2002 or 2003, the heirs agreed to refine the division of the 10,000 acres and hired a consultant who devised a plan to divide the property so that each heir would receive equal acreage and/or equal value. Pursuant to this agreement, Debtor was required to transfer title in approximately 1,000 acres in Alabama and Mississippi known as the Cooper/Hinton tract to the Melissa Land Taylor Management Trust ("Trust"). On April 15, 2003, Debtor executed and delivered a deed for the Alabama portion of the Cooper/Hinton tract to the Trust. The deed did not include the Mississippi portion of the Cooper/Hinton tract. The deed executed and delivered by Debtor was not recorded. Defendants claim an ownership interest in the entire Cooper/Hinton tract. In May of 2008, Debtor granted a mortgage to New Pate, LLC. This mortgage allegedly included

2

property conveyed to the Trust in 2003 by the unrecorded deed executed and delivered by Debtor.

On April 9, 2010, Charles Robert Land and Margaret Sikes Land ("Debtors") filed a joint voluntary Chapter 7 bankruptcy petition. (Bk. Doc. 1). Robert L. Shields, III was appointed interim trustee ("Interim Trustee") on April 12, 2010. (Bk. Doc. 8). The Interim Trustee rejected the appointment on April 20, 2010 due to a conflict of interest. (Bk. Doc. 16). Robert A. Morgan ("Trustee") was then appointed interim trustee on April 20, 2010. (Bk. Doc. 17).

Several adversary proceedings were filed by and against various mortgage holders and others claiming interest in real estate purportedly owned by Debtor. These adversary proceedings included 10-70016, 10-70019, and 10-70034. None of the heirs were a party to any of these adversary proceedings. On April 1, 2011, a Joint Motion to Approve Compromise and to Authorize Sale and Transfer of Assets ("Settlement") was filed. (Bk. Doc. 93). This Settlement was a universal settlement, meant to take care of all of the claims asserted in the various pending adversary proceedings. Paragraph 5 of the Settlement Agreement provided: "Upon the entry of a final nonappealable order in the Declaratory Judgment Action or upon request, the Trustee shall deliver to New Pate the deeds attached hereto as Exhibits F-1 and F-2." (Bk. Doc. 93). On May 3, 2011, an Amendment to Joint Motion to Approve Compromise and to Authorize Sale and Transfer of Assets was filed. (Bk. Doc. 104). The Amendment sought to substitute the Exhibits A, E-1, E-2, F-1, and F-2 attached to the Amendment for the Exhibits A, E-1, E-2, F-1, and F-2 attached to the Settlement. The Settlement, as amended, was approved on May 19, 2011 over the objection of the Defendants, but the order approving the Settlement specifically provided that the terms of the Settlement would have no effect on any interest the Defendants might hold. (Bk. Doc. 111). In addition, by agreement, paragraph 5 of the Settlement was deleted. (Bk. Doc. 111). However, it

appears that the quoted language of paragraph 5 is still in effect. At the hearing on the Trustee's Motion for Summary Judgment and Defendants' Motion to Dismiss, counsel for Trustee represented that if Trustee was successful in this adversary proceeding, Trustee would execute and deliver deeds to the Disputed Property[1] to New Pate, LLC without receiving any additional consideration. Counsel further represented that if Trustee was not successful in this adversary proceeding, Trustee would not have to return the $150,000.00 already received. Based upon these representations, it is clear that Trustee has agreed to transfer any interest he might have in the Disputed Property to New Pate, LLC and that the estate will not receive any additional money or be required to pay out any additional money as a result of the resolution of this adversary proceeding.

On May 5, 2011, Defendants filed a complaint in the Circuit Court of Choctaw County, Alabama against Sapsucker, LLC and New Pate, LLC seeking a determination that Defendants had superior rights to the Disputed Property.

On July 13, 2011, Trustee filed the instant adversary proceeding seeking a declaratory judgment that the estate is the owner of the Disputed Property because the Trustee was a bona fide purchaser for value as of the petition date pursuant to § 544(a). As such, the Trustee is also seeking permission to sell the Disputed Property free and clear of all claims or liens asserted by the Defendants pursuant to the approved Settlement.

On November 14, 2011, Trustee filed a Motion for Summary Judgment, asserting that Trustee is a bona fide purchaser for value as a matter of law.

On November 17, 2011, Defendants filed a Motion to Dismiss Adversary Proceeding,

---

[1] The legal descriptions of the Disputed Property are laid out in Exhibit A to the Complaint. The Disputed Property includes the Cooper/Hinton tract of land discussed above.

4

asserting that this court lacks jurisdiction over this adversary proceeding. This court denied the Motion pursuant to a Memorandum Opinion and a separate Order entered on June 6, 2012. (Bk. Docs 44 & 45).

On June 11, 2012 this court entered an Order to Show Cause as to why this court should not abstain from hearing this adversary proceeding. A hearing was held on July 25, 2012.

## CONCLUSIONS OF LAW

This adversary proceeding was filed by the Trustee pursuant to 11 U.S.C. § 544(a)(3) seeking a declaration that: (1) Debtor's estate is the owner of the Disputed Property because Trustee was a bona fide purchaser for value as of the petition date; and (2) Trustee may sell the Disputed Property free and clear of all claims or liens asserted by the Defendants pursuant to the approved Motion to Compromise. (AP Doc. 1). Section 544 provides, in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of . . .
>
>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Because the adversary proceeding involves issues of state law and because the estate will not receive any additional money or be required to pay out any additional money, this court was concerned about the implications of the opinion handed down by the Supreme Court of the United States in <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011). These concerns led to the court issuing the Show Cause Order, which directed the parties to show cause why this court should not abstain from this adversary proceeding.

Having raised the issue sua sponte, this court must now determine whether it should abstain

5

from hearing this adversary proceeding. Bellotti v. Baird, 428 U.S. 132, 143 n. 10, 96 S. Ct. 2857, 2864 n. 10 (1976) ("[I]t would appear that abstention may be raised by the court Sua sponte"); Carver v. Carver, 954 F. 2d 1573, 1579 (11th Cir. 1992) ("The court may abstain upon request of a party or *sua sponte*.").

Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Courts have developed numerous factors to determine whether permissive abstention is appropriate. The parties to this adversary proceeding agree that the following factors govern:

1. The effect on the efficient administration of the estate;

2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficulty or unsettled nature of applicable state law;

4. The presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. The jurisdictional basis, if any, other than § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than the form of an asserted "core" proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court to be enforced by the bankruptcy court;

9. The burden on the court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court

6

involves forum shopping by one of the parties;

11. The existence of the right to a jury trial;

12. The presence of non-debtor parties.

(AP Docs. 50 & 51).[2] The court will address each factor separately.

### 1. What effect will abstention have on the efficient administration of the estate?

The Debtor's bankruptcy estate has already been administered. Trustee filed his Chapter 7 Trustee's Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to be Discharged on June 19, 2012. (Bk. Doc. 163). There are no assets of Debtor that are left to be administered. In addition, the Trustee has already received consideration for his agreement to transfer the Disputed Property and Trustee will not be forced to repay such consideration if an unfavorable decision is reached in this adversary proceeding. This means that the resolution of this adversary proceeding will not bring in any additional money to the estate, nor will the resolution of this adversary proceeding cause the estate to pay out any money. Usually, this would mean that the adversary proceeding would have no effect on the efficient administration of the bankruptcy estate. If the adversary proceeding has no effect upon the administration of the estate, then abstention would have no effect on the administration of the estate either. However, in this adversary proceeding, this court is being asked to determine whether the Trustee is entitled to avoid any transfer of the Disputed Property that Debtor made because Trustee has the status of a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3). In essence, this court is

---

[2]Defendants' Response to Order to Show Cause and Motion to Abstain lists two additional factors: (1) Comity and (2) Possibility of prejudice to other parties. These two factors are discussed in relation to other factors and will not be addressed separately.

being asked to determine what portion, if any, of the Disputed Property is property of the estate. Although the Disputed Property has already been administered,[3] whether the Disputed Property is property of the estate is an important bankruptcy question. Therefore, although no new money will be paid in or out as a result of this adversary proceeding, the outcome of this adversary proceeding will have an effect on the bankruptcy estate because it will determine whether the Disputed Property is property of the estate. As such, the resolution of this adversary proceeding will have an effect on the bankruptcy estate, but not an effect on the administration of the bankruptcy estate. Because this factor deals solely with the effect abstention would have on the administration of the estate and not the effect abstention would have on the estate itself, this factor favors abstention.[4]

**2. To what extent do state law issues predominate over bankruptcy issues?**

State law and bankruptcy law are intertwined in this case. This adversary proceeding could not go forward without bankruptcy law nor could it go forward without state law. This adversary proceeding was brought pursuant to 11 U.S.C. § 544(a)(3), which provides that a trustee may avoid a transfer of the debtor if such transfer could have been avoided by a bona fide purchaser of real property. The status of a bona fide purchaser of real property is determined by looking to the real property law of the state in which the property is located. In this case, the Disputed Property is located in both Alabama and Mississippi. Therefore, this court would have to apply Mississippi real estate law and Alabama real estate law to resolve this dispute. While it is true that Trustee could

---

[3] Trustee agreed to transfer title to the Disputed Property upon request of the purchaser. As of the date of the hearing, title to the Disputed Property has not been transferred.

[4] The effect abstention would have on the estate is discussed in a later factor: the degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

8

have brought this action in state court by filing a declaratory action for quiet title, the state court would have to look to bankruptcy law to resolve the dispute, just as this court has to look to state law to resolve this dispute. Because bankruptcy law must be consulted in order to reach a resolution of this adversary proceeding, state law issues do not predominate bankruptcy issues. Therefore, this factor does not favor abstention.

### 3. Is the applicable state law difficult or unsettled?

No. The law governing this adversary proceeding is state real property law. Real property law in Mississippi and Alabama is well-settled. In addition, there are no novel or difficult legal questions at issue in this adversary proceeding. This factor does not favor abstention.

### 4. Has a related proceeding been commenced in a non-bankruptcy court?[5]

---

[5]Some courts have held that a related proceeding in state court is a requirement for permissive abstention. E.g., Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F. 3d 999, 1009 (9th Cir. 1997) ("Abstention can exist only where there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."). Other courts have taken the position that the presence or absence of a related proceeding in state court is only a factor to be considered. E.g., Integrated Health Services, Inc., 291 B.R. 615, 621(Bankr. D. Del. 2003) ("While [the presence of a parallel state proceeding] is a dispositive factor in mandatory abstention, we conclude that it is not dispositive (but is only one factor) in considering discretionary abstention."). This court agrees with those courts holding that the presence of a related proceeding in state court is only a factor to be considered. In reaching this determination the court relies principally on the statutes governing permissive abstention and mandatory abstention. Permissive abstention is governed by 28 U.S.C. § 1334(c)(1), which provides "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which provides: "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title

9

Maybe. Defendants filed a state court proceeding post-petition seeking a determination of their rights to the Disputed Property. Trustee filed a Motion to Enforce Automatic Stay in this court seeking a determination that the filing of the state court proceeding constitutes a violation of the automatic stay and further seeking an injunction against the continuation of the state court proceeding. (AP Doc. 11). Defendants filed a Response to Motion to Enforce Automatic Stay asserting that the filing of the state court proceeding does not constitute a violation of the automatic stay as the Disputed Property is not property of the estate. (AP Doc. 40). If the Trustee is correct, the filing of the state court proceeding is void, and there is no state court proceeding. See Borg-Warner Acceptance Corp. v. Hall, 685 F. 2d 1306, 1308 (11th Cir. 1982) ("Actions taken in violation of the automatic stay are void and without effect."). If Defendants are correct, the filing of the state court proceeding is not void, and there is a pending state court proceeding. The parties have agreed to continue any hearing on the Motion to Enforce Automatic Stay until after this court has ruled on this issue and the pending Motion for Summary Judgment filed by the Trustee; therefore, this court has not yet held a hearing on the Motion to Enforce Automatic Stay. Without the benefit of the arguments of the parties, this court is not inclined to made a determination as to whether the Disputed Property is property of the estate. Therefore, it is not clear whether there is a related proceeding that has been filed in state court.

---

11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Note that 28 U.S.C. § 1334(c)(2) only applies if an action is commenced in a State forum of appropriate jurisdiction. There is no such requirement in 28 U.S.C. § 1334(c)(1). Therefore, this court finds that permissive abstention does not require the presence of an action in a State forum of appropriate jurisdiction, and this court may abstain in the absence of such a proceeding.

Although it is not clear whether there is a related proceeding that has been filed in state court, this court finds that even if there is a related proceeding, the presence of such related proceeding does not favor abstention in this case. Debtor filed his bankruptcy petition on April 9, 2010. (Bk. Doc. 1). Defendants filed the state court proceeding on May 5, 2011. (AP Doc. 11, Second Attachment). This adversary proceeding was filed on July 13, 2011. (AP Doc. 1). Because this bankruptcy case was pending for over a year before the state court proceeding was filed and because Defendants have agreed not to go forward in the state court proceeding until a ruling is reached on the Motion to Enforce Automatic Stay, this court is more familiar with the claims of the various parties than the state court. In addition, because the state court proceeding is currently on hold, there is no danger of duplicate proceedings. This factor does not favor abstention.

### 5. Is there any jurisdictional basis other than § 1334?

No. This court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because such adversary proceeding arises under the bankruptcy code. Neither party has asserted that there is another basis for jurisdiction. Normally the fact that there is no other jurisdictional basis would favor abstention in this case. However, in this case there is no other jurisdictional basis because the cause of action arises under the bankruptcy code, which means that the cause of action would not exist absent the filing of Debtor's bankruptcy petition. While it is true that Trustee could have brought this action in state court by filing a declaratory action for quiet title, the state court would have to look to 11 U.S.C. § 544(a)(3) to resolve this dispute. Therefore, this factor does not favor abstention.

11

**6. How related is the adversary proceeding to the main bankruptcy case?**

As discussed in detail above, the bankruptcy estate will not receive any money or be required to pay out any money as a result of this adversary proceeding. In addition, the Trustee has filed his Chapter 7 Trustee's Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to be Discharged, all assets have been administered, and Debtors were discharged on June 27, 2011. Usually, this would lead to a determination by this court that this adversary proceeding is not related to the main bankruptcy case. However, this adversary proceeding was brought pursuant to 11 U.S.C. § 544(a)(3). This § 544(a) cause of action arose under the bankruptcy code when this case was filed on April 9, 2012, and this § 544(a) cause of action can only be asserted by the bankruptcy trustee. As a result, even though the main bankruptcy case has been administered, this cause of action would not exist without the filing of this bankruptcy case. Therefore, this adversary proceeding is related to the main bankruptcy case. In fact, this adversary proceeding would not exist without the main bankruptcy case. This factor does not favor abstention.

**7. Is both the substance and the form of this adversary proceeding "core"?**

Yes. The form of this adversary proceeding is core as it involves whether Trustee is entitled to avoid a transfer of real property pursuant to 11 U.S.C. § 544(a)(3). See 28 U.S.C. § 157(b)(2). However, this court must look beyond the characterization to determine the true nature of the action, i.e. the substance of this adversary proceeding. Although the determination of whether Trustee is entitled to avoid the transfer of the Disputed Property depends upon state real property law, i.e. it depends on whether Trustee held the status of bona fide purchaser as of the date of the bankruptcy petition, the substance of this proceeding is still whether Trustee is entitled to avoid the transfer of

the Disputed Property. As the case involves the status of the Trustee, a status that only exists inside bankruptcy, this adversary proceeding is core in both form and substance. This factor does not favor abstention.

### 8. Is it feasible to sever the state law claims from the core bankruptcy matters to allow judgment to be entered in state court and enforced by the bankruptcy court?

No. The two issues are dependent upon one another. Section 544(a)(3) bestows upon the trustee the status of bona fide purchaser. Whether a bona fide purchaser may avoid a transfer is determined pursuant to state real property law. If a bona fide purchaser may avoid a transfer, then a trustee in bankruptcy may also avoid the transfer pursuant to § 544(a)(3). The issues are too closely related to break them apart. This factor does not favor abstention.

### 9. How will abstention affect the burden on the court's docket?

Abstention would reduce the burden on this court's docket more than it would increase the burden on the state court docket. This is true mainly because this court would have to determine whether the trustee held the status of bona fide purchaser as of the date of the petition in two states: Mississippi and Alabama. If this court abstained, a court in Alabama would determine whether the trustee held the status of bona fide purchaser on the petition date under Alabama real estate law and a court in Mississippi would determine whether the trustee held the status of bona fide purchaser on the petition date under Mississippi real estate law. However, the state court docket is much more congested than the bankruptcy court docket, so it is very likely that the parties would be able to receive a quicker resolution in this court than in a state court in Alabama or Mississippi. This factor does not favor abstention.

### 10. Is it likely that the commencement of this adversary proceeding involves forum shopping by one of the parties?

No. Trustee was not forum shopping when he filed this adversary proceeding with this court. This factor does not favor abstention.

### 11. Is there a right to a jury trial?

No. This is an action for a declaratory judgment. There has never been a right to a jury trial in an action for declaratory judgment. This factor does not favor abstention.

### 12. Are non-debtors parties to this adversary proceeding?

Yes. All the Defendants are non-debtor parties. This factor favors abstention.

### Should this court abstain from hearing this adversary proceeding pursuant to 28 U.S.C. 1334(c)(1)?

This court has "arising under" jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b). "[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S. Ct. 1712, 1720 (1996). However, there are exceptions to this rule. The exception at issue in this case is the doctrine of abstention, which allows a federal court to decline the exercise of its jurisdiction under certain limited circumstances. When determining whether to abstain in a given case, a federal court must remember that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" as it is "an extraordinary and narrow exception to the duty of a [federal] court to adjudicate a controversy properly before it." Colorado River Water Conservation District v. U.S., 424 U.S. 800,

14

Case 11-70023-BGC   Doc 54   Filed 01/30/13   Entered 01/30/13 15:12:59   Desc Main
Document      Page 14 of 17

813, 96 S. Ct. 1236, 1244 (1976). Further, "[a]bdication of the obligation to decide cases can be justified under [the doctrine of abstention] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id. The countervailing interests that must be considered when a bankruptcy court is deciding whether to abstain are laid out statutorily in 28 U.S.C. § 1334(c)(1). Those are: (1) the interests of justice; (2) the interest of comity with state court; and (3) respect for state law. 28 U.S.C. § 1334(c)(1). See also Gradco Corp. v. Blankenship (In re Blankenship), 408 B.R. 854, 862 (Bankr. N.D. Ala. 2009).

As discussed in detail above, the following factors favor abstention: (1) This adversary proceeding will have no effect on the administration of the bankruptcy estate because the Disputed Property has already been administered by the Trustee; and (2) All the Defendants in this adversary proceeding are non-debtor parties. Now the court must determine whether these factors meet the statutory criteria of abstention. In other words, do the factors that favor abstention represent exceptional circumstances that would clearly serve the important countervailing interests of justice, comity with state courts, or respect for state law? After reflection, this court must answer that question in the negative.

None of the factors discussed above indicate that the interests of justice would be better served by this court's abstention in this adversary proceeding. Although Defendants are non-debtor parties, they have conceded that litigating in the bankruptcy court will not result in prejudice to them. (AP Doc. 51). There is no evidence that the forum is inconvenient. Whether this court abstains will have no effect on the efficient administration of Debtor's bankruptcy case as the estate has already

15

been administered.[6]  The state law issues cannot be severed from the core bankruptcy issues as they are intertwined with each other.  The continuation of this adversary proceeding will not constitute an undue burden on this court's docket, and this court is convinced that it will be able to issue a ruling on this dispute faster than a state court in either Alabama or Mississippi would be able to do, as this court's docket is not as congested as those of the state court.  There is also no indication that the Trustee filed this adversary proceeding in this court as a result of forum shopping.  In short, the interests of justice will not be better served by abstention in this case.  See In re Blankenship, 408 B.R. at 862-63.  Therefore, the interests of justice do not provide a compelling reason for this court to abdicate jurisdiction over this adversary proceeding.

> The countervailing interest of comity with state courts is not at issue in this case:
>
> "Principles of comity come into play when separate courts are presented with the same lawsuit.  When faced with such a dilemma, one court must yield its jurisdiction to the other, unless one court has exclusive jurisdiction over a portion of the subject matter in dispute.  Principles of comity suggest that a court having jurisdiction over all matters in dispute should have jurisdiction of the case.  Otherwise, the fractioned dispute would have to be resolved in two courts."

In re Blankenship, 408 B.R. at 865 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F. 2d 1169, 1173 (11th Cir. 1982)).  As it is not clear whether there even is a pending state court proceeding, comity with state courts is not a compelling reason for this court to abdicate jurisdiction over this adversary proceeding.

---

[6] The fact that this adversary proceeding will have no effect on the administration of the estate has caused this court much concern.  Although an effect on the administration of the estate is not necessary for this court to have jurisdiction because this adversary proceeding arises under the bankruptcy code, this court was concerned about hearing and determining a case that hinged on state real property law in light of the opinion handed down by the Supreme Court of the United States in Stern v. Marshall, 131 S. Ct. 2594 (2011).  Now that the dust has settled, this court has come to the conclusion that the concerns raised by Stern do not compel abstention in this case.

16

The countervailing interest of respect for state law is not at issue in this case either. As laid out in detail above, any resolution of this adversary proceeding necessarily involves determinations of both state law and federal bankruptcy law. As such, any state court that heard this dispute would have to look to federal bankruptcy law in order to make a ruling. Because this adversary proceeding is not wholly dependent on state law, respect for state law is not a compelling reason for this court to abdicate jurisdiction over this adversary proceeding.

Based upon the foregoing, this court has determined that it will not abstain pursuant to 28 U.S.C. § 1334(c)(1).

## CONCLUSION

This court may abstain pursuant to 28 U.S.C. § 1334(c)(1) if such abstention would further the interests of justice, the interest of comity with state court, or respect for state law. This court finds that abstention in this adversary proceeding will not further the interests of justice, the interest of comity with state court, or respect for state law. Therefore, this court **WILL NOT ABSTAIN**.

**DONE and ORDERED** this January 30, 2013.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

17