IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

BK 10-70786-CMS

CHARLES ROBERT LAND and
MARGARET SIKES LAND,

    Debtors.

AP 11-70023

ROBERT A. MORGAN, TRUSTEE,

    Plaintiff,

vs.

MELISSA LAND TAYLOR
MANAGEMENT TRUST,
MELISSA L. TAYLOR,
MARY KATHERINE LAIRD and
CAROLINE LAND LAIRD, by and
through her guardian, Melissa L. Taylor,

    Defendants.

## MEMORANDUM OPINION

This adversary proceeding came before this court on January 12, 2012 for hearing on Trustee's Motion for Summary Judgment and Brief in Support Thereof, Defendants' Response to Motion for Summary Judgment, and Trustee's Reply Brief in Support of Summary Judgment. (AP Docs 16, 29, & 36). David B. Anderson and Deanna Weidner appeared on behalf of Trustee; J. Paul Whitehurst appeared on behalf of Defendants. After reviewing the evidence admitted at the hearing and the arguments of the parties, this court **DENIES** the Motion for Summary Judgment.

## JURISDICTION

The district court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(a) & (b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, signed July 16, 1984, as Amended July 17, 1984 pursuant to 28 U.S.C. § 157(a). The bankruptcy court may enter an appropriate order and judgment pursuant to 28 U.S.C. § 157(b)(2)(O).

## FINDINGS OF FACT

Prior to the year 2000, Charles Robert Land ("Debtor") and four other heirs, including Melissa Land Taylor,[1] inherited 10,000 acres of land after the death of Debtor's father. The 10,000 acres was to be divided equally among the five heirs, meaning each heir, including the Debtor, would receive approximately 2,000 acres. The heirs agreed on an approximate division of the property and the heirs executed deeds to accomplish such division.

On August 30, 2001, Debtor granted a mortgage to First United Security Bank. (Claim 6, Exhibit C). The mortgage was recorded in Choctaw County, Alabama on September 4, 2001. The mortgaged property includes three separate tracts of land located in Choctaw County, Alabama, including some of the disputed property that is the subject of this adversary proceeding. (Claim 6, Exhibit C, Exhibits A, B, & C). Such disputed property is shown on Exhibit A to the Motion for Summary Judgment and contains various sections of Township 13 North, Range 5 West located in Choctaw County, Alabama ("Alabama Disputed Property"). (AP Doc. 16, Exhibit A).

On August 30, 2001, Debtor granted a Deed of Trust to First United Security Bank. (Claim 6, Exhibit M). The Deed of Trust was recorded in Clarke County, Mississippi on September 10,

---

[1] Melissa Land Taylor is Debtor's sister.

2001. (Claim 6, Exhibit M, Exhibit B). The Deed of Trust applied to some of the disputed property that is the subject of this adversary proceeding. Such disputed property is shown on Exhibit A to the Motion for Summary Judgment and contains various sections of Township 3 North, Range 18 East located in Clarke County, Mississippi ("Mississippi Disputed Property") (Alabama Disputed Property and Mississippi Disputed Property collectively referred to as the "Disputed Property"). (Claim 6, Exhibit M, Page 5).

In 2002 or 2003, the heirs agreed to refine the division of the inherited 10,000 acres and hired a consultant who devised a plan to divide the property so that each heir would receive equal acreage and/or equal value. Pursuant to this agreement, on April 15, 2003, Debtor executed and delivered a warranty deed for the Alabama Disputed Property to the Melissa Land Taylor Management Trust ("Trust"). (AP Doc. 29, Warranty Deed). The deed was not recorded. Defendants allege that the deed was supposed to include the Mississippi Disputed Property.

After the transfer of the deed, the Trust took possession of the Disputed Property, including the Mississippi Disputed Property that was not conveyed to the Trust in the April 15, 2003 unrecorded warranty deed. (AP Doc. 16, Exhibit B, ¶ 11). The Trust hired Scotch Land Management to manage the Disputed Property, which constitutes timberland. (AP Doc. 29, Affidavit of Melissa Taylor). Steve Crowley, a Registered Forester employed with Scotch Land Management, is responsible for the management of the Disputed Property. His affidavit provides the following:

> The tracts are timberland and have been managed as such. Since that time timber has been cut and sold on all the tracts. When trees were cut the tracts were chemically site prepared and replanted. There would be yearly activity on these tracts which included prescribed burns, boundary line maintenance including marking the property lines, and road maintenance. The tags on the property showed the land was managed by our company and gave our company phone number.

(AP Doc. 29).

On July 11, 2003, Debtor granted a second mortgage to First United Security Bank. (Claim 6, Exhibit D). The mortgage was recorded on July 17, 2003 in Choctaw County, Alabama. (Claim 6, Exhibit D, Page 1). The mortgaged land included the Disputed Property. (Claim 6, Exhibit D, Exhibits A, B & C).

On July 11, 2003, the same day the second mortgage to First United Security Bank was executed, Debtor also executed a second Deed of Trust in favor of First United Security Bank. The Deed of Trust was recorded on July 21, 2003 in Clarke County, Mississippi. (Claim 6 Exhibit L, Page 13). The Deed of Trust included the Disputed Property. (Claim 6, Exhibit L, Exhibits A, B, & C).

On April 5, 2004, the Trust conveyed property, including 280 acres in the Disputed Property, to Mary Katherine Laird and Caroline Land Laird (the "Laird Defendants"), the daughters of Melissa Land Taylor, as tenants in common. (AP Doc. 23, Affidavit of Melissa Taylor & Affidavit of Steve Crowley). Scotch Land Management continued to provide yearly maintenance on the tracts that were conveyed. (AP Doc. 29, Affidavit of Steve Crowley). The tracts were clear cut before they were conveyed, so no timber was cut after the conveyance. (AP Doc. 29, Affidavit of Steve Crowley).

On May 23, 2008, Debtor granted a mortgage to New Pate, LLC. (Claim 7, Exhibit J). The mortgage was recorded on May 30, 2008, in Choctaw County, Alabama. (Claim 7, Exhibit J, Part 2, Page 17). This mortgaged property included the Alabama Disputed Property. (Claim 7, Exhibit J, Part 2, Page 13-14).

On December 31, 2009 First United Security Bank assigned the two mortgages affecting the Alabama Disputed Property and the two deeds of trust affecting the Mississippi Disputed Property, to Sapsucker, LLC. (Claim 6, Exhibit G, I, J & K).

On April 9, 2010, Charles Robert Land and Margaret Sikes Land ("Debtors") filed a joint voluntary Chapter 7 bankruptcy petition. (Bk. Doc. 1). On April 20, 2010, Robert A. Morgan was appointed as the Chapter 7 Trustee ("Trustee"). (Bk. Doc. 17).

Several adversary proceedings were filed by and against various mortgage holders and others claiming an interest in the real estate purportedly owned by Debtor. These adversary proceedings included 10-70016, 10-70019, and 10-70034. None of the Defendants were a party to any of these adversary proceedings. On April 1, 2011, a Joint Motion to Approve Compromise and to Authorize Sale and Transfer of Assets ("Settlement") was filed. (Bk. Doc. 93). This Settlement was a universal settlement, meant to take care of all of the claims asserted in the various pending adversary proceedings. The Settlement, as amended, was approved on May 19, 2011, over the objection of the Defendants, but the order approving the Settlement specifically provided that the terms of the Settlement would have no effect on any interest the Defendants might hold. (Bk. Doc. 111).

On May 5, 2011, Defendants filed a complaint in the Circuit Court of Choctaw County, Alabama against Sapsucker, LLC and New Pate, LLC seeking a determination that Defendants had superior rights to the Disputed Property. (AP Doc. 16, Exhibit B).

On July 13, 2011, Trustee filed the instant adversary proceeding seeking a declaratory judgment that the estate is the owner of the Disputed Property because the Trustee was a bona fide purchaser for value as of the petition date pursuant to § 544(a). As such, the Trustee is also seeking permission to sell the Disputed Property free and clear of all claims or liens asserted by the Defendants pursuant to the approved Settlement.

On November 14, 2011, Trustee filed a Motion for Summary Judgment, asserting that the bankruptcy estate is the owner of the Disputed Property described in Exhibit A as a matter of law.

# CONCLUSIONS OF LAW

Trustee asserts that, as a matter of law, the bankruptcy estate is the owner of the Disputed Property described in Exhibit A pursuant to 11 U.S.C. § 544(a) and Alabama law. (AP. Doc. 16). As a result, Trustee seeks summary judgment on this issue. Defendants oppose the Trustee's request for summary judgment and assert that the bankruptcy estate is the not the owner of the Disputed Property because a hypothetical bona fide purchaser for value would have constructive notice of Defendants' interest in the Disputed Property. (AP Doc. 29).

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7056, governs the procedures for summary judgment and provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). In reviewing a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. Feliciano v. City of Miami Beach, 707 F. 3d 1244, 1247 (11th Cir. 2013).

Trustee seeks summary judgment pursuant to 11 U.S.C. § 544(a). Section 544(a) provides, in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). "Section 544(a), also known as the 'strong arm clause,' gives the trustee the

6

rights of and the power to avoid any transfer avoidable by . . . a hypothetical bona fide purchaser of real property as of the date of the petition." White v. Taylor (In re Taylor), 43 B.R. 524, 527 (Bankr. N.D. Ala. 1984). In this case, Trustee seeks to avoid the unrecorded deed that transferred the Disputed Property from Debtor to the Trust, as well as the unrecorded deed that transferred the Disputed Property from the Trust to the Defendants. In order to do so, Trustee must prove that a hypothetical bona fide purchaser would be able to avoid such transfers as of the petition date. Whether a hypothetical bona fide purchaser would be able to avoid such transfers is determined by applicable Alabama law, which provides:

> (a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.
>
> (b) Subsection (a) of this section includes absolute conveyances of real property defeasible by a defeasance or other instrument, in which case such defeasance or instrument must be recorded, according to its character, within the time limited in subsection (a) of this section or it is void as to purchasers for a valuable consideration, mortgagees and judgment creditors of the original grantee without notice.

ALA. CODE § 35-4-90 (1975).

"Section 35-4-90(a) gives judgment creditors, purchasers, and mortgagees priority over an earlier executed deed that has not been recorded only when the judgment creditor, purchaser, or mortgagee records its instrument without actual knowledge or constructive notice of the earlier conveyance." Baldwin County Federal Savings Bank v. Central Bank of the South, 585 So. 2d 1279, 1281 (Ala. 1991). Therefore, in order to be entitled to summary judgment, Trustee must prove that a hypothetical bona fide purchaser would not have constructive notice of the unrecorded deed transferring the Disputed Property to the Trust or of the unrecorded deed transferring the Disputed

7

Property to the Laird Defendants.

In this case, the issue of whether a hypothetical bona fide purchaser would have constructive notice of the unrecorded deeds turns on whether the possession of the land by the Laird Defendants on the date of the petition was sufficient to provide notice of their interest in the Disputed Property. See, Lightsey v. Stone, 52 So. 2d 376, 382 (1951) ( "Possession, to put a purchaser upon inquiry and operate as constructive notice, must exist at the time of the transaction by which his rights and interests are created."). "The character or quality of possession that is sufficient to provide notice has been described as 'whatever is sufficient to put a party on inquiry' concerning possible competing claims to the property." Baldwin County Federal Savings Bank, 585 So. 2d at 1281 (quoting Gamble v. Black Warrior Coal Co., 55 So. 190, 190 (1911)). "An owner is not required to physically reside on property in order to establish possession. Instead, he need only make use of the property in a manner that is consistent with its nature." Baldwin County Federal Savings Bank, 585 So. 2d at 1282. An affidavit prepared by Steve Crowley, the Registered Forester responsible for the management of the timber land conveyed to the Trust, provides the following:

> The tracts are timberland and have been managed as such. Since that time timber has been cut and sold on all the tracts. When trees were cut the tracts were chemically site prepared and replanted. There would be yearly activity on these tracts which included prescribed burns, boundary line maintenance including marking the property lines, and road maintenance. The tags on the property showed the land was managed by our company and gave our company phone number.

(AP Doc. 29). This affidavit and the affidavit of Melissa Land Taylor makes it clear when resolving all ambiguities and drawing all reasonable inferences in the non-movant's favor, that since the property was conveyed to the Trust, and then subsequently to the Laird Defendants, the property has been managed as timberland, which is to say that the Disputed Property has been used "in a manner

8

that is consistent with its nature." See, e.g., Baldwin County Federal Savings Bank, 585 So. 2d at 1282 (finding that judgment creditor had constructive notice that married couple redeemed undeveloped beachfront property at a tax sale prior to the recordation of its judgment when the couple made use of the property "in a manner consistent with its nature" by "repeatedly visiting the property and walking its boundaries," surveying the property, marking the corners of the property with stakes, visiting the property with real estate agents to discuss how to develop it, and using it for family outings, picnics, swimming, and sunbathing).[2]

However, this is not the end of the analysis as possession must be "open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood," for possession to impart constructive notice upon a bona fide purchaser. Lightsey v. Stone, 52 So. 2d 376, 381 (1951). "Consequently, it is uniformly held that where there is no open and visible change of possession, it does not operate as notice." Id. "Thus, the Alabama courts have held possession to be insufficient notice where, for example, the purchaser under the unrecorded deed was in joint possession with the vendor." In re Taylor, 43 B.R. at 529. The relationship between Debtor, Trust, and the Laird Defendants makes the determination as to whether there was a visible change of possession complicated. Debtor and Melissa Land Taylor inherited the Disputed Property from their deceased father, along with three other heirs. In the first division of the property, Debtor received title to the Disputed Property. In the second division of the property, the Trust received title to the Disputed Property. The Trust then took possession. However, it is not clear from the evidence submitted to

---

[2]The standard for finding a judgment creditor had constructive notice is the same as the standard for finding a purchaser had constructive notice. Baldwin County Federal Savings Bank, 585 So. 2d at 1281. ("Under § 35-4-90(a), judgment creditors and purchasers are 'on the same footing.'")(citations omitted)).

9

Case 11-70023-BGC    Doc 58    Filed 08/08/13    Entered 08/08/13 14:58:40    Desc Main
Document      Page 9 of 10

the court whether this change in possession was open and visible. For example, this court is unclear as to whether there was a change in the management of the Disputed Property when the Trust took possession. Whether the possession of the Trust, and consequently the possession of the Laird Defendants, was "open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood," is a genuine issue of material fact. As the movant, it is the Trustee's burden to prove that there is no genuine issue of material fact. As there is a genuine issue of material fact, summary judgment is due to be denied. See First Nat'l Bank of Birmingham v. Culberson, 342 So. 2d 347, 351 (Ala. 1977) (denying summary judgment when there was a genuine issue of material fact as to whether the possession of the property was exclusive).

## CONCLUSION

There is a genuine issue of material fact in this adversary proceeding as to whether the possession of the Trust, and subsequently the Laird Defendants, was "open, visible, exclusive and unambiguous, not liable to be misconstrued or misunderstood." Therefore, Trustee's Motion for Summary Judgment is **DENIED**.

**DONE and ORDERED** this August 8, 2013.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

10

Case 11-70023-BGC    Doc 58    Filed 08/08/13    Entered 08/08/13 14:58:40    Desc Main
Document      Page 10 of 10